Case is No. 13-1429, Missim Corporation v. Clearplay, Inc., Mr. Carey. Thank you. Good morning, and may it please the Court. We've limited this appeal to just two issues, both of which are legal issues. The principal issue is one of contract interpretation relating to a settlement and license agreement that ended patent litigation between the parties. The contract interpretive issue, namely, is whether this agreement requires Clearplay to determine, to use the custom play objectionable content specifications to determine what to code as objectionable when making filters that must substantially comply with those same specifications. We respectfully submit that the answer to this contract interpretation question is clearly yes, that it does so require that. We base the argument on a number of points. First of all, a number of express provisions of the agreement require Clearplay to use the specifications to determine what's objectionable. The first of those, I believe, are the specifications themselves, which are attached to the agreement, which are referenced in the agreement extensively, which are made a Schedule II and a part of the agreement under Florida law, which governs the agreement. What is the decision that we're reviewing on appeal? Your Honor, we're reviewing on this issue, Your Honor? On appeal. What is the decision below that we're reviewing on appeal? We're reviewing on appeal the district court's decision interpreting the contract not to require Clearplay to use the specifications to determine what's objectionable. I didn't see that issue ever go to any final judgment. Well, there was another order that constitutes the final decision, which gets us on appeal. What's the order that constitutes the final decision on the merits of this case? The final decision is the court's order dismissing the case. For what reason? The court withdrew its jurisdiction over enforcement of the agreement. So the court dismissed for lack of jurisdiction, so there never was a final adjudication on the merits, right? And it dismissed and said, no jurisdiction here, not exercising jurisdiction. The court declined to continue to exercise jurisdiction. I guess the only question before us that I see is, was it an abuse of discretion for the court to refuse to exercise jurisdiction? Because there is no final judgment on the other issues. And the only issue presented, the only issue that I think I have authority to reach at all, is whether or not it was an abuse of discretion to dismiss. When there is a final decision under the statute permitting an appeal to be taken to a court of appeal. Well, wait a minute. A final decision under the statute permitting an appeal to be taken. I think a final decision, as far as I can tell under the statute, is really clear. It has to be a decision on the merits. Well, no, Your Honor, that's not true. That's not true. That's not all you can appeal, but that's what a final decision is. No, Your Honor. Orders dismissing cases for lack of jurisdiction are routinely appealed to courts of abuse. Well, absolutely. I don't disagree with you. Those are dispositions of cases, but they're not final decisions on the merits, right? I would agree. An order dismissing for lack of jurisdiction is not adjudicating the actual merits of the case. It does end the litigation on the merits because the district court isn't doing anything else. And that's what constitutes a final decision. It doesn't end it on the merits. It says I'm not the proper forum for it. It doesn't end it on the merits. You absolutely have other forums. In fact, aren't you right now before that exact same district court judge? That poor man is hell bound to determine whether 2,000 filters are infringed or not, whether he likes it or not, right? You have a separate suit right now in front of him, don't you? There is a related infringement case that is before the same judge, and it has been stayed pending the outcome of this appeal. And, Your Honor, the Supreme Court— They will be implicated by the contract interpretation in this case. And that's the reason that we're here, Your Honor, is to avoid the possible preclusion in the other case of the incorrect contract interpretation that was rendered earlier in this case. And when the dismissal order was entered here, all prior, all preceding interlocutory orders merged with that final order of dismissal and can be properly reviewed by this court on the field. How would you have us change the judgment? The judgment is one dismissing it relinquishing jurisdiction. We review the judgment. I don't understand how us coming to a different conclusion on those legal questions, on those interlocutory questions, would change the judgment here. Your Honor, let me answer that by reference to two legal authorities that I think are quite instructive on the issue to your question and in response to Judge Moore's question. In United States v. Wallace and Tiernan Company, a Supreme Court case at 336 U.S. Report 793 at page 795, note 1, the court, and I quote, that the dismissal was without prejudice to filing another suit does not make the cause unappealable for denial of relief and dismissal of the case ended the suit so far as the district court was concerned. Even if we take that, I don't know what happened in that case. I don't recall the facts of that case or if you even cited it in your brief. If you did, I don't remember, but it still doesn't answer the question of what you want us to do with the judgment. As I see it, there are three possibilities. The judgment can be affirmed, it can be reversed, or it can be vacated and remanded. You clearly don't want it to be affirmed. I think you've waived any argument on abuse of discretion where we could vacate and remand. Are you arguing that it should be reversed? Let me respond by citing – we mentioned the case, Your Honor, from the 11th Circuit. I believe it was Kingsley or Henley. It's one of those two. But what happened in that case was there was a voluntary dismissal of the lawsuit without prejudice. And prior to that dismissal, one of the lawyers for one of the parties had been disqualified. There was an order of disqualification. It was an interlocutory pretrial order of disqualification. Then the case was ended by dismissal without prejudice. An appeal was taken. The only issue they wanted to review on the appeal was whether the attorney disqualification was wrong or not. And the court reviewed it. So in that case, an order was vacated and reversed essentially, I think, or at least reconsidered. So in that case, the 11th Circuit directed the trial court to do something with regards to its judgment. What would we be doing with regards to the trial court's judgment here? I believe there are two things that the court can do. I believe that the court can issue a decision holding that the court's prior contract interpretation in the proceeding interlocutory order that is now properly on review here was incorrect as a matter of law and state the correct contract interpretation. Alternatively— But the only reason to do that is if we were going to send it back and tell the trial court to redo it. But the trial court has already said that he's not going to look at this anymore, and you haven't appealed that decision. Well, Your Honor— It sounds to me like you're asking us to render an advisory opinion on contract interpretation. No, Your Honor, because if we don't get the contract interpretation corrected here, then it could be applied collaterally—it could be collaterally stopped on that issue in the related case. And the other thing the court— Well, I understand that argument. I'm going to have some questions for your opposing counsel about that. But if it doesn't have a collateral effect, is there any reason for you to be here? If it doesn't have a possible collateral effect, that's the standard, whether it's possible. We don't have to determine for sure right now whether it will or will not. It's just whether it will have a possible legal consequence. But since there's no holding, aren't you, in this somehow interacting system, required to wait and see whether the court in the other case holds that there is a collateral effect to these interlocutory rulings? No, Your Honor. The standard which permits the review where there could be possible legal consequences would not require to wait and see because that would be very improvident for us to go to the other case, proceed in the district court where the same judge is almost surely going to adopt the same contract interpretation on the same question again, and then come back on appeal from that case and then have to potentially retry that case all over again. That's why the wrong contract interpretation can and should be corrected here in this court. Well, perhaps this question will help you with that district court judge. I guess I don't understand if we're making it clear that we don't interpret the decision below as a final judgment on the merit, which I don't think there's any dispute about, then how could collateral estoppel apply? You're saying it's even possible. And while it is possible that in the next case the district court might come to the same conclusion and even maybe regurgitate the identical opinion and just promote prompted anew, and you want to avoid that messy litigation. And I understand why you'd want to not go through that again. I get from your standpoint why it would be far more efficient for us to resolve these issues. I totally get that. But what I don't understand is how collateral estoppel would apply, because you have to have had a final judgment and exhausted appeal rights. And if we rule that we won't address this on appeal, you've certainly preserved your appeal rights by having tried to, right? So, I mean, I guess part of my problem is I kind of think, quite frankly, I think that if you don't prevail, the opinion can be written in such a way as to ensure that you get your chance at this. And, you know, I think isn't that what really concerns you sort of at the baseline? Of course, it's more efficient for us to do it. I get it. But the bottom line is you don't want to be precluded from getting a new shot at this stuff. We also think that it's very clear that there was an error of contract interpretation here, and it can. We tried to have it reviewed before, and there was a remand, so it wasn't reached. But one of the reasons we're concerned, Your Honor, is that in the Eleventh Circuit, the standard for application of preclusion doesn't actually require for there to have been an adjudication on the merits. That's the law in some circuits. I believe my opponent cited a case from this court that applied Ninth Circuit law on that point. But in the Eleventh Circuit – If you lose your infringement case, isn't it going to come back to us? Yes, Your Honor. If we conclude in this opinion, as my colleague said, that there just simply isn't any jurisdiction here to review the merits of the contract issues, I mean, wouldn't it be safe to say that we're not going to find you collaterally stopped when it comes back up again, no matter how inconvenient it may be not to have it resolved now? Well, here's the issue on that. In the Eleventh Circuit, Your Honor, the issue doesn't – in order for a party to be found to be precluded on an issue, there doesn't have to have been a prior adjudication on the merits. In the Eleventh Circuit, it's looser than that. And the standard – we cited an R.F. Delaware case from this court, which in that instance applied Eleventh Circuit law. In the Eleventh Circuit, this court noted in R.F. Delaware, which we cite in the brief, the Eleventh Circuit treats as final for preclusion purposes, quote, any prior adjudication of an issue in another action that's determined to be sufficiently firm. But the problem is there wasn't an adjudication of that issue because they withdrew those eight filters, and so it mooted the issue. So the district court never did reach any sort of final decision that is adverse to you on those eight filters, right? So even under Eleventh Circuit law, isn't that required, not just a sort of interlocutory decision that is not dispositive of outcome, but actually an outcome dispositive, at least on an issue? No, Your Honor, that – what you were referring to about the withdrawal, that was a different issue, different order and a different issue. The issue of contract interpretation that we are requesting this court correct was adjudicated in a written opinion from the district court, which is JA-3 in the appendix. And it was an order – it was a denial of a motion that we made essentially for summary judgment of their noncompliance by failure to use the specifications. And the issue in the court squarely – it was squarely addressed by the court in that order. The court wrote, and I quote, the fundamental dispute here seems to be about whether the agreement requires clear play to use a specific process or methodology to determine what to code as an objectionable content, i.e. use the specifications in the process of deciding what to code as objectionable content when creating its filters. Nassim argues the former. The court disagrees with Nassim. This is the court's order that we want – that is wrong and that we – the court squarely addressed the issue. And we're very concerned that in the other case, this will either be used – they'll argue preclusion. The court might, sua sponte, argue we're precluded. At a minimum, the court's going to say I already addressed this. So it wouldn't suit if, for instance, we were sympathetic and issued an opinion saying there's no collateral estoppel on these issues because you'll get the same decision in the other case? Yes, Your Honor, and then we would be wasting that trial. So the only thing that would solve the problem that you – the possible problem that you foresee would actually be for us on the merits to go through the entire merits on the decision of these two interlocutory issues? Of the interpretive issue, yes, Your Honor, which is very, very – we respectfully submit very clear and straightforward issue. And Judge Moore… I have a little familiarity with it. Yes, Your Honor. In fact, we discussed this the last time we were here, and Your Honor, in response, I believe we cite this in our reply, but in that argument, Judge Moore queried my prior counsel. I gave you reason to think that district court opinion might not hold water. Yes, Your Honor, and it's – there are a number of provisions in this agreement which make crystal clear that when you're making products that have to substantially comply with the detailed set of product specifications that are 80 pages, single-spaced, that contain commands in them about what to code and what not to code. Are there patents that have not expired, or your only interest is back royalties? Your Honor, actually, as of December 31st of the year that just concluded, the patents that were licensed under the agreement have expired. So that suit will just only be looking at recovery of monetary damages that the court might find reasonable. All right, let's hear from the other side, and we'll save you rebuttal time. Mr. Storms. May it please the Court. Your Honors, this court lacks appellate jurisdiction to address any of the issues in this case because the district court withdrew its ancillary jurisdiction without entering a final decision on the merits of… A better decision if there's no jurisdiction is certainly appealable. You're right, Your Honor, but as has been pointed out, and I believe as Mr. Carey has admitted, they have not – they expressly have not appealed that issue. So that would be the only appellate point that they could raise as to whether the trial court abuses discretion in withdrawing… They've appealed the judgment of dismissal. They've appealed the judgment of dismissal, but they have expressly stated in page 6, note 1, for purely practical reasons, NISM does not appeal that aspect of the district court's order referring to the decision to withdraw its jurisdiction. You appeal a final judgment or all of the issues are subsumed within that judgment? But this is not a final judgment on the merits. It's a final judgment of dismissal. It is a final judgment of dismissal, but it's not on the merits. It's a final judgment, right? And so… There's nothing more going on in that court. It's a final judgment achieved by dismissal. That's correct, Your Honor. And as to this court's jurisdiction, this court applies federal circuit law. And federal circuit law is clear as to when other decisions, interlocutory decisions, will merge into the final decision. I have no idea what I'm about to ask you is true or not. But is there maybe a difference when it's a dismissal for lack of jurisdiction? And I really truly don't know. I'm not trying to be cute with you. Is it the case that when maybe someone, when a court dismisses for lack of jurisdiction and says, wait, I don't have jurisdiction over this, does that maybe in some way eliminate the prior holdings? I mean, if I… Look, suppose that I walk down a road and I issue an opinion one way or the other, and then holy cow, I realize I don't have jurisdiction. And, you know, does that sort of undo what I already did since I technically didn't have the authority to do what I did previously? I've looked for that. I don't know. And actually, the Seventh Circuit has ruled on that. And the Seventh Circuit concluded in a number of cases, but one which I can cite for you is Bunker-Ramo Corp. v. United Business Forms, Inc. It's a 713 Fed Second 1272. In that case, the court said that relinquishing, a court that relinquishes jurisdiction cannot render a judgment other than on the merits of its relinquishing jurisdiction. And they said that jurisdiction is power over to render a judgment in the case, and therefore… But does it matter – wait. Does it matter that this was a court that we all agree had the ability to exercise jurisdiction, and in fact, there was some exercise of that jurisdiction? So when it is deciding things, pursuant to its own decision to exercise jurisdiction, do those become binding? Because it did have – I mean, there isn't a dispute that the court had jurisdiction when it was making its decisions on the eight filters, right? There's no dispute over that. That's correct. And I point, Your Honors, to a decision from this court, Sandisk Corp. v. Kingston Technology Company. It's 695 F. 3rd 1348. In that case, it was a case similar to the Kirkland case, which was the case that Mr. Carey was referring to where the lawyer had some… Disbarment. No, wait, whatever. Kick off the case. Yeah. It was Prohob Viche or something like that that he was involved in the case, and he was not able to… And he wanted to clear his reputation, and they exercised jurisdiction. They were applying Fifth Circuit standards that the Eleventh Circuit adopted that said that if it's a plaintiff's withdrawal for a request for dismissal under Rule 41A, the defendant could then appeal that decision. This court in Sandisk addressed that very same issue, but said it's not a blanket right to appeal any decision that preceded the withdrawal of jurisdiction or, in that case, the dismissal of the claim. So this is a long answer to Judge Moore's direct question. Is your position that the intermediate, I'll call them interlocutory issues, really were not finally decided, and therefore they cannot be the subject of collateral estoppel? They're not finally decided. They're not the subject of collateral estoppel, but also they are not the basis for… They don't relate to the reason the court withdrew its jurisdiction. Let's stick with the collateral estoppel aspect. You're saying that, therefore, this would not be an issue in the ongoing litigation? I'm saying that collateral estoppel has nothing to do… I'm not sure. I don't know enough about the other litigation to know. That's exactly Mr. Carey's problem. He's not sure either. He's seeking reassurance rather than to put the worst spin on it, entrapment. Except, Your Honor, that collateral estoppel in another case has nothing to do with this court's jurisdiction, appellate jurisdiction. Collateral estoppel relates to the question of whether that's a live controversy, whether there's an issue that makes it not move. Well, sure it does. If there's a sufficiently final decision here that could provide collateral estoppel in another case, then we certainly have jurisdiction to review that. If there's not, then it shouldn't provide collateral estoppel. And so I think what we're asking you is, are you intending to use – I mean, let me put it bluntly. Are you intending to argue in another case that the prior rulings here collaterally estopped NISM? I understand you're going to argue the same position on the law, but are you also going to say they're collaterally estopped and can't even get a new legal determination on those legal issues? I'm not counsel in that case. I don't know what clear place position is on that. You have the ability to bind them here, and we're looking – because if you're going to say that we are keeping the door open to argue collateral estoppel, then if we were to agree that that's even possible, he has to have an avenue to be able to appeal those issues right now. So you're sort of damned if you do and damned if you don't here. You either give up collateral estoppel, or if you're going to stick to it and if we think that's a possibility, he's right and he's got a right to adjudication of the issues by us. So that's sort of the catch-22 that you're in as you stand here. Right. I mean, if you're asking me to waive it for another case, you know, I don't think that the issue of collateral estoppel gives this court jurisdiction, because the denial of a motion for some reason – Do you think those decisions are final and subject to estoppel, or are they not? And that's the issue before us and directly concerns your client and your representation before us in this case. It would if the decision that Mr. Carey was raising was – could be deemed a final judgment or a final issue. I mean, this issue was clearly raised by him in his opening brief. Your response was there, but it's not clear. You know, you're an officer of the court. Do you think as a matter of law, the two orders he's complaining of could be used as collateral estoppel in another case? My opinion is that they cannot, because none of them are final judgments on the merits. They're both summary judgment motions, and a denial of a summary judgment motion is not a decision at all. It's just a decision to delay a decision. It's a decision to wait until the trial on the merits of that issue. And so what's happened here, and in the particular motion for summary determination, the court said there are fact questions that need to be resolved. There's a legal issue that he issued some direction on, but he said ultimately I can't decide this, because NISM-1 required me to send it to a special master to make factual determinations. So he said I'm denying the motion. A denial of a motion for summary judgment is not a final judgment, and it's not a final decision on anything, and this court has said that. Specific to that issue, to that order, NISM-2 said the order denying NISM's motion for summary enforcement did not end the litigation on the merits, and therefore was not final. So I don't see how there can be any collateral estoppel effect. But this court's jurisdiction is not dependent on application of law in another regional circuit court, and that's what this court says in spread spectrum screening. They say we apply the final judgment rule. Is there a final judgment here? And that gives us jurisdiction if it is on the merit. If not, whether the 11th Circuit has a loosey-goosey rule as to collateral estoppel and what might be collateral estoppel, that does not determine this court's jurisdiction. In fact, the court says on matters related to this court's jurisdiction, federal circuit law, not the regional circuit from which the case arose, applies. So, I mean, I don't know the standard for 11th Circuit law, but as to this court's jurisdiction, it's irrelevant. The question is was there a final judgment on the merits, and I'm saying definitively today that the motion for summary determination, the denial of that motion, was merely denial of a summary judgment, which is not a final judgment. And the same with the motion for relief on remand. That issue where they were seeking some sort of legal concession or a determination on that is imbued with fact issues, the biggest of which is was there a concession at all? Do I hear you saying that if, under 11th Circuit law, they would be collaterally estopped, nonetheless the issues cannot be reviewed? That's correct, Your Honor, because possible preclusion doesn't create jurisdiction in this court. What creates jurisdiction... You have jurisdiction of a final judgment in a patent case. That's correct. And these decisions related nothing to a patent case. These related to issues of fact. These were in the patent case. It was in a patent case, you're right. But these were issues related to enforcement of the settlement of the patent case. All sorts of issues arise in a patent case, including settlement issues. And the court decided that it did not relate to the issue of patent. It was not necessary any longer for these issues related to... I think it's behind us that only patent issues are reviewed in the federal circuit and contract issues are sent to the regional circuit. This court decided it was withdrawing its ancillary jurisdiction because it didn't feel like the contract issues needed to be resolved in a federal forum. I thought I heard you say that if the contract issues are subject to collateral estoppel in the circuit and therefore binding the district court as a matter of procedure, nonetheless those issues can never be reviewed in the patent case? In this patent case? No, Your Honor, I'm not saying that. I'm saying that those issues do not create, imbue this court with jurisdiction. No, it's the final judgment in the patent case over which we have jurisdiction by statute. That's correct, Your Honor. Here the court withdrew its jurisdiction and did not make a decision on the merit. You're talking about the district court. The district court finally dismissed the case without prejudice. You're saying that's not a final judgment? It finally resolved the case, but it's not a final judgment on the merits of the issue. It's a final judgment. It says get out of here. I'm not going to do anything else with this case. It says I'm not exercising power over the case and you have other means. It's not to resolve this specifically. It may be that this judge had firmly in mind the sister case, which was before him, on the identical issues and the same patents, but as to whether the issues, the interlocutory issues in the first case, are or are not subject to review. If they're not subject to review in this case, when can they be reviewed? If, in fact, you, in the other case, assert collateral estoppel. In my view, they can be asserted in the other case. I'm not saying today that collateral estoppel would have any effect in the other case. This is a little bit too clever, isn't it? In fact, you went further than that. You said you don't believe there's a final judgment on those issues, and a final judgment on particular issues is required for collateral estoppel, right? That's right, Your Honor. So whether you've affirmatively said, I won't assert collateral estoppel, you've nonetheless made an argument on behalf of your client, which is perfectly fair to bind them, which is about final judgment, which is a prerequisite for collateral estoppel. So if they go back in that other litigation and argue collateral estoppel now, it would be directly contrary to what you've argued. I'm not meaning to throw you under the bus. You've done a very nice job of trying to walk a difficult line for your client. You don't want to give up anything because you're afraid they'll be upset, but you've been presented with a panel that's not going to give you that choice. So you had to make a choice, and I do believe that you've asserted something that would now prevent them from arguing collateral estoppel. That is correct, Your Honor. If there is no final decision in this case on those issues, I don't believe that there's any means to be able to say it's collateral estoppel because it hasn't been decided in this case. And we're saying that the district court did not decide that issue. We're saying that this court should not exercise jurisdiction and thus is not deciding that issue. Therefore, I agree that it should not be a basis for collateral estoppel in any other matter because it hasn't been finally decided. Can I just ask? This has nothing to do with the merits of the case, but how much is at issue in this case? Because now we're not talking about prospective injunctive relief. I'm not asking you to reveal something confidential, but is this millions and millions of dollars, hundreds of thousands of dollars? As I understand this case, what's left in this is really NISM's attorney's fees, which if you can imagine from six years of litigation, it's probably millions of dollars. My client is broke. They have been beaten down by this litigation, and they were hoping to be able to resolve it through the means of Section 4.6, which would be a simple procedure. This has led them. The arbitration. So they frankly don't care. Is that 4.6 was the arbitration? That's correct. The arbitration provision in the contract. So they're not in a position to pay. I get it. I guess part of me was I was just curious why the litigation was keeping going because if you've got to look at 2,000 filters individually, I had to think attorney's fees were going to outweigh whatever damages were at issue, and I would have thought that the two parties might at this point since the patents are expired settle. But you don't have to answer any of that. No question. Any more questions? Okay. Thank you. Thank you, Mr. Stern. Mr. Carey, you have some rebuttal time. Yes, Your Honor. There's a fundamental problem with the argument that my colleague is making about the final judgment, and I really believe we need to stop for a minute and focus on this. The decision that contains the contract interpretation issued by the district court that is erroneous and which I'm seeking to be reviewed and reversed here, when it was rendered, it was interlocutory. And so the final judgment rule at the time prevented me from taking my client from taking an appeal to this court at the time because it was interlocutory. But once you have a subsequent final decision in the case, which the dismissal order is, then all prior interlocutory rulings merge with that final order and it can be reviewed, which is why at the end of cases you get the reviewed discovery. I'm not sure that's the case. I think Judge Moore asked you a hypothetical along these lines, but suppose there was a case where the court did just exactly something like this. They made some kind of a legal ruling, a contract interpretation question or something like that, and then after discovery of some further facts, one party raised jurisdiction and said, oh, you know, the court doesn't have jurisdiction. The court agreed. Does that mean that prior ruling still has force and can be appealed even though the court didn't have jurisdiction? Let me ask this, Your Honor. I mean, I'd like a yes or no to that. This court can review the prior interlocutory order once there's been a final decision rendered in the case. For example, what if the issue on appeal was not whether there was… What possible reason would we have to render a decision on a legal issue if we agree that the lower court properly doesn't have jurisdiction? It would be, again, as I suggested before, an advisory opinion. The court had jurisdiction when it rendered the incorrect decision. It had jurisdiction over the case. Well, that's a different fact in this case, but in my hypothetical the court didn't have jurisdiction at all. I would think you would agree that there, that interlocutory legal ruling can't be appealed. If the court had no jurisdiction from inception, ab initio, then anything the court would have done would have been void. But here, when the court issued the incorrect contract interpretation, JA-0003, it had jurisdiction over the case. It subsequently gave up its jurisdiction. So you think its relinquishment of jurisdiction renders that prior interlocutory ruling a final ruling on the merits? That's not my argument, Your Honor, but that's not necessary. I'm struggling with what your argument is, to be honest. And let me ask you this, because I didn't get a satisfactory answer to this my last time around. What do you want us to do with the judgment? I don't understand what you want us to do with, what you want us to tell the district court, it either got right or it got wrong, and what to do subsequently. Well, I don't know that the court has to send any remand back to the district court. I think this court could enter a decision holding that the contract interpretation was erroneous and reversing that contract interpretation, and that's it. Wait, reversing the contract interpretation? We only reversed judgment. So what is it that we're going to reverse? What is the judgment? Reverse the order that sets forth… We don't reverse orders. We don't reverse issues. We reverse judgment. Your Honor, I respectfully disagree. In that case where the party appealed the interlocutory order of disqualifying counsel, that wasn't a final judgment on the merits of the case. No, but in that case they reversed the order disqualifying the attorney and sent it back to the district court and said, vacate that order. It's unfair to it. What are you telling us to tell the district court to do here? I was going to get to that. The alternative is you could remand the case to the court with the limited instruction to vacate the incorrect contract interpretation. Period. That's it, and we're done. Okay, so I guess my concern is that what that asks us to do is issue a lot of future advisory decisions. If we go down this road, why are we going down it for you in this case, especially when you've got another co-pending litigation which raises the same issues and you have an opportunity to address it there? You've got him on record that they can't argue collateral estoppel given that there's no final judgment. That is a judicial admission against his party's interest. It is binding, and you know what? We can always put that in an opinion for you too to help you in that regard. So you're preserved. When you were arguing collateral estoppel, you were on sounder ground as far as I was concerned because if there's a possibility you could be collateral estopped, then you have to have appeal rights somewhere along the way, and this would seem to be the only vehicle for them. But given his admissions, it seems like that's off the table now. I don't believe his admission was unequivocal. It would be interpreted to be unequivocal down the road. That's where we'd be uneasy about what will happen there. And not only that, but the district court, who's the same judge that issued this erroneous contract interpretation, is in all likelihood just going to reenter it, and we're going to waste an entire other proceeding. And the point is here, this court does have jurisdiction to review this. What if, for example, what if it had been a sanctions order? Because the case was dismissed, we can't address a sanctions order on appeal. What if it was a discovery order? Again, the difference in all of that is the sanctions order creates some kind of adverse impact on the party it was entered against that you're asking the appellate court to vacate. I don't see the adverse impact on you unless there's collateral estoppel. Well, the adverse impact will be the possibility of collateral estoppel. Well, let's set that one. Assume we agree that there can be no preclusive effect. Then it seems to me all you're arguing is that you're going to get the same ruling from the district court and we'll have wasted a lot of time. But that's true any time there's interlocutory ruling, and that would support an interlocutory appeal in almost any instance, and we don't do that. Well, but this isn't an interlocutory appeal. This isn't a discretionary interlocutory appeal. This is an appeal after a final order, and that prior interlocutory order with the contract interpretation  It's squarely before the court. We've framed a very limited legal issue for this court's review. In fact, in the same two, the prior time we were here, this court was on appeal from an order of dismissal based on mootness, and was going to reach it. What you want us to do is affirm the judgment and vacate a legal ruling? You don't want us to reverse the judgment, right? We're not asking you to affirm the judgment, Your Honor. We're asking you to reverse the contract interpretation? No, no, no, no. What are you asking us to do with the judgment? We can either affirm, we can reverse, or we can vacate and remand. We're asking you to vacate the district court's order with the incorrect contract interpretation. Instructions to vacate that order. You're asking us not just to say there's no collateral estoppel, but to actually decide those issues? Yes, Your Honor. We do request that the court decide the contract interpretive issue and determine that it was wrong. What is the fallback? Now it seems as if there may be some kind of general consensus that at least there shouldn't be collateral estoppel based on these, what we may treat as not appealable interlocutory issues. If clarification of that point would solve at least some of your problem, right? In this court now, it looks as if one reason that the judge dismissed with prejudice this case is because he had the other case going. It also looks as if the judge was very well aware with that dismissal, which is appealed here, that the patents are over. I think he was aware of that. Therefore, injunctive relief is no longer on the table. Injunctive relief would not be on the table. Whatever the relationship is, it's over. The contracts have expired. They may have been breached in the past, but they no longer exist. Now, with the patents expired, these are, again, independent entities. So the only question is what? Again, back royalties, damages from an entity that your friend says is on the ropes? Well, in that other case, that will be the issue, the infringement and damages and the subsidiary issues of their license defense, et cetera. But here, I believe this court, we do have order of dismissal, which ended the litigation on the merits. The district court's done. We are properly on appeal before this court. The prior interlocutory order now merges and can be reviewed here. No matter what happens in that other case, I think we tell the court why we're bothering to make this appeal because we're very concerned about the other case and we're concerned about the district court just entering the same incorrect contract interpretation. That's why we're appealing. That's why we care. But the court here does clearly have the authority to review the contract interpretation and to hold that the district court erred in that contract interpretation. Okay. Any more questions? Any more questions? Thank you, Your Honor. Okay. Thank you both. The case is taken under submission. That concludes our argued cases for this morning. All rise. The Honor will adjourn until tomorrow morning at 10 a.m. Thank you.